DUBUQUE & S. O. R. CO. v. PIERSON.

(Circuit Court of Appeals, Eighth Circuit.   December 16, 1895.)

No. 466.

</div>

REHEARING DENIED.

This was an action at law by Philo B. Pierson, as administrator with the will annexed of Mary B. Wood, against the Dubuque & Sioux City Railroad Company, upon a covenant of warranty.   In the circuit court there was a verdict for plaintiff, and judgment accordingly.   The defendant brought the case on error to this court, which, on October 1, 1895, rendered an opinion affirming the judgment.   70 Fed. 303.   The defendant has applied for a rehearing.

PER CURIAM.· In the petition for a rehearing which has been ·filed in the above-entitled case it is contended, in substance, by the counsel for the plaintiff in error, that this court has found as a matter of fact that the defendant railroad company made a new promise, which had the effect of removing the bar of the statute of limitations; and that in so finding it has usurped the functions of the jury, and at the same time deprived the defendant company of its right to a jury trial upon that issue.  This contention is founded upon a misconception of the points ruled in the opinion heretofore announced.   This court ·did not decide that the letters and correspondence referred to therein constituted a new promise which removed the bar of the statute of limitations that would otherwise have been effectual to extinguish the plaintiff's claim, but it did hold that the letters written by the railroad company, and the promises therein contained, were sufficient, as a matter of law, to waive its right to pay the plaintiff's demand in the common stock of the railroad company.   This is made apparent, we think, by the following paragraph of the opinion:

"The bonds of the old company which she [Mrs. Wood] paid for the lands extinguished that amount of the bonded debt of the company, and benefited to that amount the old' company as well as the new.   She demanded payment of her claim arising out of the breach of this warranty from the new company.   When this demand was made, the company did not offer or propose to pay her in its common stock.   It distinctly and explicitly acknowledged its liability in the event that her title failed, and agreed in writing in that event to pay her the purchase money and 6 per cent. interest.   The promise to pay on the happening of the event mentioned was absolute and unconditional.   This was a waiver of its right to pay her in its common stock, and it is now too late to withdraw that waiver."

In the succeeding paragraph of the opinion the remark was made, in substance, that it was unnecessary to consider the statute of limitations, but such remark must not be understood as implying that this court was of opinion that the statute of limitations had probably run against the plaintiff's demand but for the promises contained in the letters of the railroad company.   On the contrary, the majority of the court were agreed that on the state of

facts disclosed by the record the plaintiff's cause of action for breach of warranty did not accrue until 1883, when it was definitely determined that the plaintiff had no title. The circuit court entertained the same opinion, and instructed the jury to that effect, which action met with our entire approval. And, inasmuch as the circuit court rightly decided that the plea of the statute was not applicable to the case, it was unnecessary for this court to decide whether the circuit court was also right in holding that the defendant company was estopped by its conduct from relying upon the statute. It cannot be said, therefore, that the court has erroneously usurped the functions of the jury, or that it has failed to notice any material question of law that is raised by the record.

In the petition for a rehearing counsel for the plaintiff in error repeat, in a measure, the argument formerly advanced that the representations and promises contained in the letters written by J. R. Dumont to Mrs. Wood were not authorized by, and are not binding upon, the defendant company. This proposition was considered at some length in the opinion heretofore rendered. In addition to what was then said, it is only necessary to observe that all the letters written by J. R. Dumont appear to have been written by him in answer to letters of Mrs. Wood, which were addressed to M. K. Jessup, the president and chief executive officer of the defendant company. From this circumstance alone a strong presumption arises that the letters signed by J. R. Dumont, either as assistant secretary or as treasurer of the defendant company, were written by direction of the chief executive officer of the company. It is reasonable to assume that the letters of Mrs. Wood in due course of mail reached the person to whom they were addressed, and that the answers thereto were written with his knowledge and sanction. This presumption is strengthened by the testimony of Mr. Jessup himself. Moreover, the letter of M. K. Jessup, of date December 8, 1875, shows conclusively, as we think, that he was fully aware of the statements and representations that had been made to Mrs. Wood in the course of the previous correspondence. In view of these considerations, there can be no reasonable doubt that the letters in question were duly authorized by the defendant company, that the company is bound by the representations and statements therein contained, and that they were properly admitted in evidence against the defendant company. We see no reason, therefore, to alter or modify the views heretofore expressed. We entertain no doubt that the judgment of the circuit court was for the right party, and for the right amount. The petition for a rehearing is accordingly denied.